IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: 4:24-cv-002805 |
| THOMAS SAN MIGUEL, | § § § | |
| Defendant. | § § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F) OF FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff Securities and Exchange Commission ("Commission" or "Plaintiff") and Defendant Thomas San Miguel ("San Miguel" or "Defendant")[1], pursuant to the Order for Conference and Disclosure of Interested Parties [Dkt. No. 7] and Rule 26(f) of the Federal Rules of Civil Procedure ("Rule(s)"), respectfully files this Joint Discovery/Case Management Plan ("Report") under Rule 26(f) of the Federal Rules of Civil Procedure along with a proposed Scheduling/Docket Control Order, attached hereto. The Commission and San Miguel (collectively, "Parties") report as follows:

---

[1] At the time of this filing, Defendant has not answered or otherwise responded to the Complaint. His deadline to do so, pursuant to his Waiver of the Service of Summons [Dkt. No. 5], was September 30, 2024. Having conferred with Defendant, counsel for the Commission understands that Defendant is attempting to answer as evidenced by his seeking and obtaining access to CM/ECF. *See* Dkt. No. 9. This Report assumes Defendant will have filed his answer prior to deadlines recommended herein.

1

1. <u>State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.</u>

   On October 14, 2024, Jason Reinsch, counsel for Plaintiff, and San Miguel, *pro se*, convened to conduct their Rule 26(f) conference via video conference.

2. <u>List the cases related to this one that are pending in any state or federal court with the case number and court:</u>

   None.

3. <u>Briefly describe what this case is about.</u>

   As more fully set forth in the Complaint [Dkt. No. 1], the Commission alleges that San Miguel violated the federal securities laws. The Commission alleges that, between November 2015 and December 2021, San Miguel raised approximately $21.3 million from over 300 investors nationwide through the fraudulent and unregistered offering of preferred stock in his fuel-blending company, SGR Energy, Inc. ("SGR Energy"). San Miguel, together with the sales personnel he hired and oversaw, lured both new and existing investors with claims of a 12% annual dividend funded by escalating revenue and profits and a $19 million account receivable on SGR Energy's balance sheet. San Miguel also told investors he would use their funds to grow SGR Energy's fuel-blending business by expanding the geographical scope of its customers and acquiring strategically situated blending facilities and fuel terminals. Claiming progress, San Miguel trumpeted SGR Energy's purported acquisition, in July 2018, of a large capacity fuel terminal in a northern port-town in Colombia. Finally, San Miguel claimed that no commissions would be paid to sales personnel on new investments.

The Commission alleges that these claims were false and misleading. As San Miguel knew, because he solely controlled the company's accounting, SGR Energy had generated only a fraction of the claimed revenues and likely never generated any profit. He likewise knew that the $19 million accounts receivable he recorded was false. San Miguel, who controlled every aspect of SGR Energy's operations, also knew that SGR Energy never acquired the Colombian terminal and that, instead, SGR Energy sustained enormous losses while leasing it. Finally, San Miguel likewise knew that SGR Energy was paying 8% sales commissions to the sales team for new investments.

The Complaint charges San Miguel with violating the antifraud and securities registration provisions of the federal securities laws, specifically Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §§ 240.10b-5].

4. <u>Specify the allegation of federal jurisdiction.</u>

This case involves the offer and sale of securities in the forms of stock and investment contracts. The stock and the investment contracts are securities under Section 2(a)(1) of the Securities [15 U.S.C. § 77b(a)(1)] and Section 3(a)(10) of the Exchange Act [15 U.S.C. § 78c(a)(10)]. Thus, the Court has jurisdiction over this action under Section 20(d) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(d) and 77v(a)] and Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa].

5. <u>Name the parties who disagree and the reasons.</u>

None.

6. <u>List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.</u>

	None at this time.

7. <u>List anticipated interventions.</u>

	None known at this time.

8. <u>Describe class-action issues.</u>

	None at this time.

9. <u>State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.</u>

	The parties have not completed initial disclosures at the time of this filing. However, the parties have agreed to do so by December 5, 2024.

10. Describe the proposed agreed discovery plan, including:

	The parties intend to conduct discovery in accordance with the Federal Rules of Civil Procedure.

	A.	<u>Responses to all the matters raised in Rule 26(f).</u>

		Defendant will preserve all electronically stored information and communications related to the allegations in the Complaint.

	B.	<u>When and to whom the plaintiff anticipates it may send interrogatories.</u>

		At this time, the Commission anticipates sending interrogatories to Defendant.  The Commission anticipates doing so in multiple stages following the initial pretrial planning conference.

C. <u>When and to whom the defendant anticipates it may send interrogatories.</u>

Defendant may send interrogatories to the Securities and Exchange Commission.

D. <u>Of whom and by when the plaintiff anticipates taking oral depositions.</u>

At this time, the Commission anticipates taking the oral deposition of Defendant. The Commission anticipates taking such deposition following an initial round of written discovery.

E. <u>Of whom and by when the defendant anticipates taking oral depositions.</u>

None at this time.

F. <u>When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.</u>

The Commission will be able to designate expert witnesses, if any, by June 22, 2025. Defendant will designate expert witnesses, if any, by July 22, 2025.

G. <u>List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).</u>

Depending on those experts identified by Defendant, the Commission anticipates taking the deposition of the Defendant's experts 30 days following such designation.

H. <u>List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).</u>

>>Defendant anticipates deposing the Commission's experts 30 days following such designation.

11. <u>If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.</u>

    None.

12. <u>Specify the discovery beyond initial disclosures that has been undertaken to date.</u>

    The Parties have not engaged in formal discovery.  However, prior to filing suit, the Commission conducted an investigation, which included taking sworn testimony as well as subpoenaing documents.

13. <u>State the date the planned discovery can reasonably be completed.</u>

    September 5, 2025.

14. <u>Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.</u>

    The Parties are actively discussing potential avenues for the resolution, in whole or in part, of the Commission's claims.

15. <u>Describe what each party has done or agreed to do to bring about a prompt resolution.</u>

    The Parties are actively discussing potential avenues for the resolution, in whole or in part, of the Commission's claims.

16. <u>From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.</u>

    The parties believe that mediation with a third-party mediator (potentially a magistrate judge in the Southern District of Texas) would be the ideal alternative dispute

resolution method. Mediation would be most effective following the close of discovery and prior to any dispositive motion deadlines.

17. <u>Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.</u>

    The Parties' joint position is not to conduct a trial before a magistrate judge.

18. <u>State whether a jury demand has been made and if it was made on time.</u>

    The Commission made a jury demand along with its initial filing. Defendant has not yet answered or otherwise responded.

19. <u>Specify the number of hours it will take to present the evidence in this case.</u>

    The parties anticipate that they will need 40 hours (i.e., five days) to present evidence in this case, including opening and closing statements.

20. <u>List pending motions that could be ruled on at the initial pretrial and scheduling conference.</u>

    There are no pending motions in this matter.

21. <u>List other motions pending.</u>

    There are no pending motions in this matter.

22. <u>Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.</u>

    None

23. <u>List the names, bar numbers, addresses and telephone numbers of all counsel.</u>

    *Counsel for the Commission:*

    Jason P. Reinsch
    Texas Bar No. 24040120
    SDTX Bar No. 914573
    801 Cherry Street, Unit #18
    Fort Worth, TX 76102-6882
    Ph: 817-900-2601 (JPR)
    Fax: 917-978-4927

reinschj@sec.gov

*Defendant intends to represent himself pro se.*

Thomas San Miguel
13151 Walden Rd., #113
Montgomery, TX 77356
Ph:  903-312-5391
tommysanmiguel@yahoo.com

Date: October 15, 2024                    Respectfully submitted,

 /s/ Jason P. Reinsch
Jason P. Reinsch
Texas Bar No. 24040120
United States Securities and Exchange Commission
Fort Worth Regional Office
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882
Ph: 817-970-2601
reinschj@sec.gov

*Counsel for Plaintiff Securities and Exchange Commission*

 /s/ Thomas San Miguel
Thomas San Miguel, *pro se*
13151 Walden Rd., #113
Montgomery, TX 77356
Ph:  903-312-5391
tommysanmiguel@yahoo.com